UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY L. THOMAS,

                Plaintiff,

-vs-                                      Case No.  8:07-cv-474-T-24EAJ

POLK COUNTY SHERIFF'S OFFICE, DR.
LEE SPELL, MRS. JOHNSON,

                Defendants.
_____

## **ORDER**

       Pro se prisoner Plaintiff, who is incarcerated at the South County Jail, Frostproof Florida, filed this 42 U.S.C. § 1983 complaint alleging violation of his constitutional rights by the Defendants.

       In the section of the complaint entitled, "Statement of Claim," Plaintiff wrote:

I sent request to the Counselor and the person in charge of the faith-based dorm asking for a Bible.  I've been waiting going on two months.  They are violating my right to Freedom of Religion because I have no one else to ask and also they can provide large print since the small print I can't see cause I wear reading glasses and too small print give [sic] me bad headaches.

       In the section of the complaint entitled, "Statement of Facts," Plaintiff wrote:

Mrs. Johnson Counselor at Jail
1-6 through 2-17

>I sent several requests asking for a bible [sic[ my family no longer speaks with me so I ask the counselor & also I wrote Dr. Lee Spell who is over the faith-based program, [sic] that was almost two months. I need to get myself right with God.  I have trouble seeing so I wrote them to ask for big print. They said people donate glasses but I saw Dr. Spell toting a stack of Bibles at the Annex.  God is the only one who can help me with what I am going through.  Also, people get mad at you in here when you keep asking them can you borrow this or that and also its [sic] a rule not to loan things in jail [sic]  they state that it causes fights but I also sent a request asking about and [sic] address to a certain church no answer going on two months to me. I have had nothing but problems with Counselor Johnson.  She writes me back requests saying things like you don't like Freedom. What does that have to do with what I ask her to do when I send her a request.  Also while I was at Bartow annex coming back from court one day I passed Dr. Spell with an arm full of large print Bibles which I could of received one of those if they wouldn't keep them for only the program which I applied [sic] before I am where I'm at now.
>
>As relief, Plaintiff seeks:
>
>I want them to admit that they are wrong and that they must change the way they treat people and take the responsibility for there [sic] wrong actions toward me and go by the rules in there [sic] handbook.  If we brake [sic] a rule we get in trouble they [indecipherable word] it's put undercover and your [sic] told to shut up.

## DISCUSSION

It appears that Plaintiff is seeking a writ of mandamus from this Court. That writ would require the Defendants to affirmatively change the management of the jail facility. The Court must deny Plaintiff's request. Writs of mandamus as such have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure.[1]  However, under the All Writs Statute, 28 U.S.C. § 1651, Federal Courts may issue all writs necessary or appropriate in aid of their respective jurisdictions.  Title 28 U.S.C. § 1651 does not create

---

[1] Federal courts have jurisdiction under 28 U.S.C. § 1361 in actions in the nature of mandamus to compel officers or employees of the United States to perform their duties.

an independent basis for jurisdiction. Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586 (4th Cir. 1969); Ortega v. Puncinelli, 444 F.2d 530 (9th Cir. 1971); Ali v. State Police of Pennsylvania, 378 F. Supp. 888 (E.D. Pa. 1974).

Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available.   It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970); Clark v. State of Washington, et al., 366 F.2d 678, 681-82 (9th Cir. 1966); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981), aff'd 673 F.2d 1337 (9th Cir. 1982); Lessard v. State of Wisconsin, 449 F. Supp. 914, 915 (E.D. Wis. 1978). Analogously, this Court does not have mandamus power to order the jail to provide him a large print Bible or to allow him to enter the faith-based program which has requirements for eligibility.

Furthermore, the jail has no affirmative duty to provide Plaintiff a large print Bible. See Frank v. Terrell, 858 F.2d 1090 (5th Cir. 1988) (quoting Cruz v. Beto, 405 U.S. 319, 323 (1972) ("[t]here cannot possibly be any constitutional or legal requirement that the government provide materials for every religion and sect practiced in this diverse country.").

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed.  The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff is assessed the 350.00 filing fee. The Clerk is directed to send a copy of this order to inmate accounting at the South County Jail in Frostproof, Florida.

ORDERED at Tampa, Florida, on March 26, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Anthony L. Thomas